UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTANEDA, | Case No. EDCV 07-0526-JTL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On May 11, 2007, Jose Castaneda ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On June 4, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 15, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on November 19, 2007, defendant filed an Answer to the Complaint. On January 25, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On July 31, 2003, plaintiff filed an application for Supplemental Social Security Income benefits alleging an onset date of February 5, 2003. (Administrative Record ["AR"] at 81-84). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 49, 50). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 62).

On March 31, 2005, the ALJ conducted a hearing in San Bernardino, California. (See AR at 233-50). Plaintiff appeared and testified at the hearing, and waived his right to legal representation. (AR at 237). On March 29, 2006, the ALJ issued a decision denying benefits to plaintiff. (AR at 45-48). The ALJ concluded that plaintiff was capable of performing his past relevant work and was, therefore, not disabled. (AR at 46-48).

Thereafter, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. The Appeals Council granted plaintiff's request for review and subsequently vacated the ALJ's decision and remanded the matter for further administrative proceedings. (AR at 38-39). The Appeals Council found that the ALJ did not properly assess plaintiff's residual functional capacity and instructed the ALJ to update the record with any existing medical evidence, give consideration to the treating and examining source opinions and explain the weight given to such opinion evidence, give further consideration to plaintiff's maximum residual functional capacity and provide support for the assessed limitations, and, if necessary, obtain evidence from a vocational expert. (Id.).

On December 13, 2006, the ALJ conducted a supplemental hearing in San Bernardino, California. (See AR at 251-61). Plaintiff appeared at the hearing with counsel and testified. (AR at 258-60). Samuel Landau, M.D., a medical expert, and Corinne J. Porter, a vocational expert, also testified at the hearing. (See AR at 254-57, 260-61; 257-58). On January 18, 2007, the ALJ issued his decision denying benefits to plaintiff. (AR at 11-17). The ALJ concluded that plaintiff suffered from severe diabetes mellitus, hypertension and bunion/flat right foot, which did not meet or equal the criteria of any of the listed impairments in 20 C.F.R. Section 404, Subpart P, Appendix 1, and that plaintiff did not suffer from severe obesity or

glaucoma. (AR at 14). The ALJ concluded that plaintiff retained the residual functional capacity to perform his past relevant work as a truck driver and that plaintiff was, therefore, not disabled. (AR at 17). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.  The ALJ failed to properly consider the opinion of Ruben Ruiz, M.D., plaintiff's treating physician pursuant to the June 30, 2006 order issued by the Appeals Council.

2.  The ALJ mischaracterized plaintiff's testimony regarding his daily activities.

3.  The ALJ improperly determined that plaintiff's liver condition was not severe.

4.  The ALJ failed to properly consider the side effects of plaintiff's medications in making the disability determination.

5.  The ALJ failed to present a complete hypothetical to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

# DISCUSSION

## A. The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

## B. Plaintiff's Past Relevant Work

Plaintiff alleges that the testimony of Corinne J. Porter, the vocational expert that testified at the December 13, 2006 ALJ hearing, was not sufficiently specific. Specifically, plaintiff

1 alleges that neither the vocational expert nor the ALJ explored the demands of plaintiff's past
2 relevant work as a truck driver and that the vocational expert did not specify which type of truck
3 driver occupation the vocational expert referred to at the hearing, given that the Dictionary of
4 Occupational Titles ("DOT") contains multiple listings for "truck driver." (Joint Stipulation at 19-
5 20). Defendant responds that it was plaintiff's burden to show that he could no longer perform
6 his past relevant work and that the vocational expert's testimony was consistent with the DOT.
7 (Joint Stipulation at 19-21).

At step four of the sequential evaluation, the ALJ must determine a claimant's capacity to perform his or her past relevant work:

> Your impairment must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. §§ 404.1520(e), 416.920(e). Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work. Social Security Ruling ("SSR") 82-62; see also SSR 82-61.[1]

SSR 82-62 sets forth "the procedures for determining a disability claimant's capacity to do past relevant work (PRW) as set forth in the regulations, and to clarify the provisions so that they will be consistently applied." SSR 82-62. The Ruling states that any determination regarding a claimant's ability to perform past work "must be developed and explained fully in

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

5

the disability decision" and that "every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." SSR 82-62. This determination requires "a careful appraisal" of the claimant's statements, the medical evidence, and, in some cases, corroborative information such as the DOT, which describes the duties and requirements of the numerous occupations that it chronicles. Id. The Ruling further states that adequate documentation must be obtained to support the decision including "factual information about those work demands which have a bearing on the medically established limitations." Id.

Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). A conclusion that a claimant can return to his or her past relevant work requires the ALJ to make explicit findings of fact as to the following issues: (1) the physical and mental demands of the past occupation; (2) the claimant's residual functional capacity ("RFC"); and (3) whether claimant's residual functional capacity permits him or her to return to his or her past occupation. See id.; see also Dealmeida v. Bowen, 699 F.Supp. 806, 807 (N.D. Cal. 1988).

Although the Social Security Rulings provide that an ALJ is permitted to refer to the DOT job descriptions in order to define the job as it usually is performed in the national economy, there may be cases involving significant variations between a claimant's description and the description shown in the DOT. The variation may result from an incomplete or inaccurate description of past work. Employer contact or further contact with the claimant may be necessary to resolve such a conflict. SSR 82-61. An ALJ may also rely on a vocational expert's testimony to determine the demands of a claimant's past relevant work. Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ relied on the vocational expert's testimony that plaintiff could perform the requirements of the occupation of truck driver, which she classified as a medium and semi-skilled occupation. (AR at 17). The ALJ then concluded "that in comparing [plaintiff's] residual functional capacity with the physical and mental demands of the job of truck driver, I find that [plaintiff] is able to perform it as this job is generally performed." (AR at 17). The ALJ neglected

to make specific findings of fact about the physical and mental demands of plaintiff's past work. Such a conclusory finding fails to satisfy the demands of SSR 82-62. See Nimick v. Sec'y, 887 F.2d 864, 867 (8th Cir. 1989) (remanding case for ALJ's failure to discuss the demands of claimant's past relevant work with the "specificity and full development and explanation the Social Security regulations and ruling . . . require.").

In the Work History Report, dated September 2, 2003, plaintiff provided descriptions of the duties of his previous jobs, including their physical requirements. (AR at 105-12). When describing his job as a truck driver, plaintiff stated that he worked eight hours a day, five days a week. (AR at 110). Plaintiff further stated that he used machines, tools, or equipment; that he used technical knowledge or skills; and that he wrote reports or completed forms. (Id.). When asked to describe the job, plaintiff stated that he "[d]elivered trailers to different locations throughout the state." (Id.). Plaintiff indicated that he spent eight hours each day sitting, climbing, stooping, crouching, and writing, typing or handling small objects. (Id.). Plaintiff indicated that he did not do any lifting or carrying and, instead, only drove from one location to another. (Id.). However, while plaintiff indicated that the heaviest weight he lifted was 20 pounds, he also said he frequently lifted 25 pounds.[2] (Id.).

At the hearing, the vocational expert testified that she had read and reviewed the vocational information and opined that plaintiff's past relevant work could be defined in the following manner: the job of mechanic was medium and skilled, the job of fabric cutter was medium and semi-skilled, and the job of cleaner was medium and unskilled. The vocational expert testified that plaintiff's past relevant work as a truck driver was a medium and semi-skilled occupation. (AR at 257-58). The ALJ then presented the vocational expert with the following hypothetical:

> I want you to assume a 49-year-old individual with 12 years of education that's done those same jobs, limited to occasionally lifting 25 pounds, frequently 50 pounds. His standing and walking

---

[2] "Frequently" was defined as one-third to two-thirds of the workday. (AR at 110).

7

>                is limited to four hours per day with no limits on sitting. Climbing
>                of ladders, ropes and scaffolds is limited to none and should only
>                occasionally perform balance and climb stairs and ramps,
>                however. With no other limitations would that person be able to do
>                any of the past relevant work of the [plaintiff]?

The vocational expert replied, "I think a truck driver." (AR at 258). The ALJ then asked the vocational expert if her response was "[a]s per the DOT" and if all of her testimony "was as per the DOT's definitions." (Id.). The vocational expert testified that it was. (Id.).

While the ALJ may rely on a vocational expert's testimony in determining whether plaintiff was able to return to his previous job, see Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993), the ALJ must still make findings of fact and clearly explain his disability determination. Here, the ALJ's examination of the vocational expert was brief and conclusory. (See AR at 257-58). Although the ALJ asked the vocational expert if her testimony was consistent with the DOT, he did not ask her to identify the specific DOT number for the truck driver occupation or any of plaintiff's other past relevant work to which she was referring. (Id.). As plaintiff correctly notes, there are multiple entries in the DOT for truck driver[3] and the ALJ failed to determine the specific DOT listing to which the vocational expert was referring.

The ALJ also failed to make specific findings regarding whether plaintiff's residual functional capacity permitted him to perform the requirements of a truck driver. The ALJ determined that plaintiff had the residual functional capacity to perform a range of medium work and opined that plaintiff was:

>                able to lift and/or carry 50 pounds occasionally and 25 pounds
>                frequently; able to stand and/or walk for four hours during an
>                eight-hour workday; has no restrictions on sitting; can balance,

---

[3] DOT occupation number 905.663-014, 906.683-022 and 292.353-010 all correspond with the job title "truck driver." Defendant correctly states that the DOT classifies all three of these occupations as medium work. (See Joint Stipulation at 21). However, it is up to the ALJ to make specific factual findings to determine whether plaintiff's past relevant work is consistent with plaintiff's residual functional capacity.

      stoop and bend occasionally; and cannot climb ladders, ropes
      or scaffolds.

(AR at 14). Plaintiff indicated that as a truck driver he had to climb for eight hours a day, stoop for eight hours a day and crouch for eight hours a day. (AR at 110). Plaintiff's description of climbing, stooping, and bending required in his past relevant work conflicts with the ALJ's residual functional capacity findings. Yet the ALJ's determination that plaintiff could perform his past relevant work as a truck driver did not reconcile this conflict. Instead, the ALJ made a conclusory statement that plaintiff was able to perform the job of truck driver as generally performed. (See AR at 17). The ALJ erred in failing to make specific findings with respect to the physical and mental demands of plaintiff's past relevant work and failed to make specific findings regarding whether plaintiff's residual functional capacity permits him to return to his past relevant work as a truck driver.

**C. <u>Remand is Required to Remedy Defects in the ALJ's Decision</u>**

  The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. <u>McAlister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990).

  Here, the Court finds it appropriate to remand this case for further proceedings to allow the ALJ to clarify his findings and apply the correct legal standards. <u>See</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990). Remand is required so that the ALJ may determine whether plaintiff's impairments would interfere with his performance of his former job as a truck driver, or any of his other past relevant work. If plaintiff does not retain the residual functional capacity to perform his past relevant work, the ALJ must proceed to the fifth step of the sequential evaluation.[4]

---

[4] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to properly consider the opinion of Dr. Ruiz, plaintiff's treating physician; by mischaracterizing plaintiff's testimony regarding plaintiff's daily activities; improperly determining that plaintiff's liver condition was not severe, and failing to properly consider the side effects of plaintiff's medications. As

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 29, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

explained above, however, the ALJ's error in failing to make specific findings regarding plaintiff's past relevant work constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.